**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1996
_____

FABRICE SNOWDEN,
                                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA; CHIEF DEPUTY
ATTORNEY GENERAL; CHIEF EXECUTIVE FEDERAL BUREAU OF PRISONS;
WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-01945)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 24, 2020
Before:  JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed: December 15, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Fabrice Snowden, a federal prisoner confined at FCI Allenwood Medium, appeals from the order of the United States District Court for the Middle District of Pennsylvania dismissing his habeas corpus petition under 28 U.S.C. § 2241. Snowden also appeals from the District Court's denial of his motion for reconsideration. For the reasons below, we will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Snowden's § 2241 habeas petition concerns his criminal case in the United States District Court for the District of Maryland (D. Md. 07-cr-00100). In 2007, Snowden pleaded guilty to one count of sexually exploiting a minor for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a). The sentencing court imposed a 360-month term of imprisonment. The Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. United States v. Snowden, 286 F. App'x 78 (4th Cir. 2008). In November 2009, Snowden filed a motion to vacate under 28 U.S.C. § 2255. In 2010, the sentencing court denied the motion because Snowden presented no meritorious grounds for relief. Snowden filed a notice of appeal in 2018. The Fourth Circuit dismissed Snowden's appeal for lack of jurisdiction due to the failure to file a timely notice of appeal.

Snowden then filed his § 2241 habeas petition in the District Court, raising jurisdictional and legal challenges to his conviction and detention. Among other things, he claimed that the Government lacked authority to enforce federal criminal laws within

2

his "residential State," and that he "did not commit the offense within a Federal enclave." (Habeas Pet. at 13.) The District Court dismissed Snowden's § 2241 habeas petition, stating that it appeared to be an unauthorized second or successive § 2255 motion, and that Snowden failed to show that § 2255 provided an "inadequate or ineffective" remedy to allow for consideration under § 2241. The District Court noted that its dismissal was without prejudice to Snowden's right to seek relief in the sentencing court or in the Fourth Circuit. Snowden filed a motion for reconsideration, which the District Court considered and denied.

Snowden appeals. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas corpus petition under § 2241 "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful

3

detention claim." Cradle, 290 F.3d at 538.  This exception is narrow and applies in only rare circumstances.  See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997); see also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Snowden has not shown that such a circumstance exists here.  In support of his petition, Snowden contended that § 2255 "do[es] not provide for remedy or relief from detention, or for a movant to question the legality of his detention," and thus is inadequate or ineffective to address his claim that his conviction is void on jurisdictional grounds.  (See Habeas Petition at 18-20.)  He also asserted that the sentencing court lacked jurisdiction over his criminal case.  (See id. at 25.)  Contrary to Snowden's argument, § 2255 explicitly provides remedy for prisoners in federal custody "claiming the right to be released" on grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence," or for claims concerning the sentence itself.  28 U.S.C. § 2255(a).  Thus, Snowden has not shown a limitation of scope or procedure to satisfy the terms of § 2255(e).  Snowden could have challenged the legality of his custody, conviction, and sentence in his prior § 2255 proceedings.  That he already pursued a § 2255 motion does not now render the remedy inadequate or ineffective for purposes of pursuing § 2241 relief.  See Cradle, 290 F.3d at 538 ("It is the inefficacy of the [§ 2255] remedy, not the personal inability to use it, that is determinative.").  As the District Court noted, Snowden

4

may seek the Fourth Circuit's authorization under § 2255(h) to file another § 2255 motion.

Snowden argued in his motion for reconsideration that the District Court erred in ruling on his § 2241 habeas petition sua sponte. However, because Snowden's § 2241 habeas petition failed to satisfy § 2255(e)'s safety valve provision, the District Court lacked jurisdiction to consider it as an unauthorized second or successive § 2255 motion. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002). We discern no error in the sua sponte dismissal of the petition.

In addition, Snowden asserts in his notice of appeal that the District Court was biased against him, arguing that the District Court dismissed his case but accepted jurisdiction over another case. (See Notice of Appeal at 2.) Although Snowden evidently is displeased with the District Court's legal ruling regarding his § 2241 habeas petition, his allegations are insufficient to support a claim of bias that would require a different outcome here. Cf. SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (discussing recusal motion under 28 U.S.C. § 455(a)).

Accordingly, we will affirm the District Court's orders.